IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GARY W. BECKHAM                                                    PLAINTIFF

v.                              No. 4:17-cv-564-DPM

SOCIAL SECURITY ADMINISTRATION,
Commissioner                                                       DEFENDANT

## ORDER

On *de novo* review, the Court adopts the recommendation, № 15, and overrules Beckham's objections, № 16. FED. R. CIV. P. 72(b)(3). Substantial evidence on the record as a whole supports the ALJ's decision; and the Court sees no error of law. *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011).

Relying partly on a vocational expert, the ALJ concluded that 14,700 is a significant number of jobs in the national economy. № 7-2 at 52. Beckham disagrees, pointing out that 14,700 averages to only 294 jobs per state. The statute, though, isn't limited to jobs in the state; it focuses on "the national economy" and defines job numbers in terms of "the region where [the applicant] lives *or in several regions of the country.*" 42 U.S.C. § 423(d)(2)(a) (emphasis added). All material things considered, the 14,700 number shows that there are many jobs available that Beckham could perform. As Beckham points out, *Johnson v. Chater*, 108 F.3d 178 (8th Cir. 1997), is a bit off point given the discussion of

representative jobs. But the deeper point holds: significant available and do-able positions exist.

Beckham also says the ALJ failed to consider evidence of Beckham's diminished mental capacity, such as Dr. Hester's conclusion that Beckham "may not be able to complete work tasks within an acceptable timeframe." № 7-8 at 188. The Court will not reverse an ALJ's decision "simply because some evidence supports a conclusion other than that reached by the ALJ." *Boettcher*, 652 F.3d at 863. Although the ALJ did not specifically discuss every conclusion in the multiple medical examinations, there's no reversible error because substantial evidence supports the overall decision. *Ibid.*

Beckham's complaint will therefore be dismissed with prejudice.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

3 May 2018